# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN HOWELL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-14332** |
| **LAKE VILLAS NO.2 HOMEOWNERS ASSOCIATION, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiffs John Howell and Elise LaMartina's *ex parte* motion[1] for a temporary restraining order and a preliminary injunction. For the following reasons, the motion is denied.

## I.

The facts of this case are familiar to this Court. As the Court previously explained in a separate case based on the same underlying facts, "[t]he background of this litigation is somewhat confusing."[2] The plaintiffs move for both a temporary restraining order and a preliminary injunction enjoining the defendants from: using an order issued by the 22nd Judicial District Court for St. Tammany Parish in connection with any judicial proceeding; liquidating, "or otherwise disposing of," the promissory note that is the subject of the foregoing order; foreclosing on or auctioning real property allegedly securing the promissory note; and obtaining or executing an order directing any person or entity from seizing or selling such real property.[3] The crux of the plaintiffs' argument is that the state court order should be declared void

---

[1] R. Doc. No. 10.
[2] *Howell v. Adler*, No. 16-14141, 2017 WL 1064974, at *1 (E.D. La. Mar. 21, 2017).
[3] R. Doc. No. 10, at 1.

and should, therefore, not be permitted to serve as the basis for foreclosure on the real property associated with the promissory note.

On this date, January 3, 2019, Court personnel spoke with Elise LaMartina, who informed the Court that she was going to provide copies of the motion to the pertinent defendants.[4] However, the Court has not been apprised of any such actual notice. Thus, the Court will analyze the request for a temporary restraining order pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure.

## II.

Pursuant to Rule 65(b)(1),

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As an initial matter, although the plaintiffs explain the efforts they made to provide the defendants with notice, they do not explain why notice should not be required. Furthermore, neither plaintiff submitted an affidavit, nor have the plaintiffs submitted a verified complaint. The plaintiffs' noncompliance with Rule 65,

---

[4] LaMartina did state, however, that a copy had been given to defendant Donald Grodsky. The motion also states that the plaintiffs served the defendants' counsel with copies of the motion through the Court's electronic notification system. R. Doc. No. 10, at 3. However, the Court's system only provides filing notices to attorneys listed in the record, of which there currently are none because the defendants have not yet been served.

alone, is sufficient for the Court to deny the motion. *See Garza v. M&T Bank Corp.*, No. 14-1137, 2014 WL 12591887, at *1 (N.D. Tex. Apr. 1, 2014) ("[T]emporary restraining orders are appropriate only when the movant has shown entitlement to a preliminary injunction by meeting the requirements of [Rule 65(b)(1)].").

Moreover, the plaintiffs have failed to prove their entitlement to the relief sought. Both a temporary restraining order and a preliminary injunction are extraordinary remedies that may only be granted if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the requested relief will result in irreparable harm; (3) that the threatened injury outweighs any damage that the order may cause the opposing party; and (4) that the order will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *see also Palmer v. Fox Broadcasting Corp.*, No. 02-108, 2002 WL 31027440, at *1 (E.D. La. Jan. 15, 2002) (Vance, J.). The movant "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Injunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.").

The plaintiffs have failed to meet their burden. They argue that, without the injunctive relief, the defendants will foreclose on or "otherwise alienate" the relevant

real property and that the purpose of this lawsuit will be frustrated.[5] However, accepting all of the plaintiffs' allegations as true, even if the Court were to find the existence of a substantial threat of irreparable harm, the plaintiffs have failed to address the first and fourth elements entirely.[6] They have not even attempted to argue that they are substantially likely to prevail on their claims or that the public interest is not disserved by granting their motion, nor have they provided evidence to prove the same. *PCI Transp., Inc. v. Fort Worth & Western Ry. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) ("The plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction."). As a result, the plaintiffs have not established the prerequisites for injunctive relief.

---

[5] R. Doc. No. 10, at 2.
[6] Rule 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Fifth Circuit has interpreted this requirement "to mean that 'where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.'" *PCI Transp., Inc. v. Fort Worth & Western Ry. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (quoting *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996)). Thus, where no factual dispute exists, the district court may rule on a motion for a preliminary injunction without an evidentiary hearing. *Gittinger v. Ramos*, 372 F. App'x 486, 489 (5th Cir. 2010) ("The magistrate judge's acceptance of Gittinger's version of the facts defeated the need to hold an evidentiary hearing.").

### III.

Accordingly,

**IT IS ORDERED** that the motion for a temporary restraining order and a preliminary injunction is **DENIED.**

New Orleans, Louisiana, January 3, 2019.

                                      **LANCE M. AFRICK**
                         **UNITED STATES DISTRICT JUDGE**